**Ben F. Veralrud**, OSB #124860
**Abraham J. Barnett,** OSB #082545
THE BARNETT FIRM, LLC
10200 SW Greenburg Road; Suite 340
Portland, OR 97223
(503) 688-5106
(503) 716-4633 facsimile
Ben.Veralrud@hg-wt.com
   *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ACTION WINDOW & GUTTER CLEANING, LLC,<br><br>     Plaintiff,<br>v.<br><br>NW HOME MAINTENANCE LLC, doing business as HOMEMASTERS,<br><br>     Defendant. | Case No. _____<br><br>COMPLAINT<br>Copyright Infringement (17 U.S.C. §501)<br><br>JURY TRIAL REQUESTED |

**COMPLAINT**

This is an action for infringement of copyrights belonging to Plaintiff, in violation of Title 17 of the U.S. Code. Plaintiff alleges as follows:

///    ///

///    ///

///    ///

PAGE 1 of 7 – COMPLAINT

## PARTIES

1.

Plaintiff is an Oregon limited liability company having its principal place of business at 5461 Windsor Terrace, West Linn, Oregon 97068. Plaintiff is engaged in the business of gutter, roof, and window cleaning and repair for both commercial and residential properties.

2.

According to Plaintiff's information and belief, Defendant NW Home Maintenance LLC, doing business as Homemasters, is an Oregon limited liability company having its principal place of business at 7225 SW Bonita Road, Tigard, Oregon 97224. Homemasters is engaged in the business of providing residential and commercial cleaning, repair, and maintenance services. One of Homemasters' primary services is residential and commercial roof cleaning and repair.

## JURISDITION AND VENUE

3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1338(a).

4.

Venue is appropriate in this Court under 28 U.S.C. §1400(a), the statute governing venue in copyright cases, because Defendant's principal place of business may be found in this District.

## FACTS

5.

Plaintiff advertises its services through a variety of methods, including but not limited to a company website (the "Website").

///    ///

///    ///

6.

The Website contains two photos – a photo of a moss-covered roof with the word "Before" printed on the photo, and a second photo of the same roof with the moss removed and the word "After" printed on the photo (collectively, the "Original Photos"). The Original Photos are attached hereto as Exhibit A and incorporated herein by reference.

7.

At some time prior to 2014, Plaintiff took the Original Photos on its camera following Plaintiff's completion of a roof cleaning project for a client.

8.

Plaintiff has never licensed or sold the rights to use or distribute the Original Photos and, therefore, has exclusive rights to the use of the Original Photos as the owner of the copyrights for the Original Photos.

9.

At some time prior to 2014, Plaintiff began publishing the Original Photos on the Website. As of the filing of this Complaint, the Original Photos remain on the Website.

10.

Plaintiff published the Original Photos on the Website in order to demonstrate the quality of its roof cleaning services and attract new customers.

11.

At some time before December 15, 2014, Defendant employed Active Media Publishing to advertise its services.

///    ///

///    ///

12.

At some time before December 15, 2014, Active Media Publishing began circulating a mail flier titled "Preferred Neighborhood" (the "Flier" or "Fliers") in areas including, but not limited to, Washington County, Oregon. The Flier is attached hereto as Exhibit B and incorporated herein by reference.

13.

The Flier contains an advertisement for Homemasters' services, namely for roofing maintenance, gutter cleaning, roofing, and free estimates (the "Advertisement"). The Advertisement appears in the Flier, attached hereto as Exhibit B.

14.

The Advertisement contains two photos, one depicting a moss-covered roof with the word "Before" printed on the photo, and the other photo depicting a moss-free roof with the word "After" printed on the photo (collectively, the "Duplicate Photos").

15.

Defendant provided the Original Photos to Active Media Publishing in order to be included in the Advertisement.

16.

The Duplicate Photos are identical to the Original Photos other than the font type and placement of the words "Before" and "After" on the photos.

17.

Upon seeing the Duplicate Photos in the Flier, Plaintiff notified Active Media Publishing of its wrongful dissemination of the Duplicate Photos based on the Duplicate Photos being identical to the Original Photos.

18.

In response to Plaintiff's notification, Active Media Publishing admitted to sending out approximately 50,000 Fliers, but indicated to Plaintiff that it was too late to do anything because the Fliers had already been mailed out to the public.

**COUNTS 1 – 50,000 (one count for each of the Fliers)**

**Copyright Infringement – 17 U.S.C. § 501**

19.

Plaintiff realleges and incorporates herein by reference paragraphs 1-18 of this Complaint.

20.

Upon seeing the Duplicate Photos in the Flier, Plaintiff notified Defendant that the Duplicate Photos were the same photos as the Original Photos.

21.

Upon notifying Defendant that the Duplicate Photos were the same photos as the Original Photos, Defendant acknowledged that it used the Original Photos in the Advertisement in the Flier.

22.

At all times herein, Defendant has been fully aware of its obligations under copyright law.

23.

At all times herein, Defendant has been in a position to control the infringement described in this Complaint, and has had a direct financial stake in the infringing activity.

///    ///

24.

Defendant's infringement of Plaintiff's copyrights was willful.

25.

Defendant's use of the Original Photos as the Duplicate Photos caused substantial harm to Plaintiff by falsely representing to consumers that Defendant's roof cleaning services are identical in quality to those offered by Plaintiff, thereby creating artificial competition for Plaintiff's services and causing a loss of business to Plaintiff.

26.

Each one of the 50,000 Fliers caused damage to Plaintiff in an amount to be specified at trial but not to exceed $1.00 per Flier.

27.

Plaintiff will continue to suffer harm if Defendant is permitted to continue its infringing activities.

WHEREFORE, Plaintiff prays for judgment as follows:

A) For an order permanently enjoining Defendant, its officers, agents, servants, employees, and attorneys, and all those in active concert with Defendant or participation with it, from all further reproduction and distribution of the Original Photos by any means;

B) For Plaintiff's direct and consequential damages arising from Defendant's willful infringement of copyrights in an amount to be proven at trial but not to exceed $1.00 per Flier, or $50,000.00;

C) For Plaintiff's reasonable attorney fees and costs, as provided in 17 U.S.C. §505, and interest as provided by law; and

D) For such other relief as the Court deems just and proper.

DATED this 26th day of February, 2015.

    /s/ Ben F. Veralrud
**Ben F. Veralrud,** OSB #124860
**Abraham J. Barnett,** OSB #082545
THE BARNETT FIRM, LLC
10200 SW Greenburg Road, Suite 340
Portland, OR 97223
(503) 688-5106
(503) 716-4633 (fax)
Ben.veralrud@hg-wt.com
   *Attorneys for Plaintiff*

PAGE 7 of 7 – COMPLAINT